RALPH B. GUY, JR., Circuit Judge,
dissenting.
Athough I would affirm the dismissal of the negligent misrepresentation claim based on the district court’s prediction that the Kentucky Supreme Court would apply the economic loss rule to bar such a claim, I would reverse the dismissal of the fraudulent misrepresentation and fraud by omission claims. I would find that, taking the more particularized factual allegations in the Second Amended Complaint as true and drawing all reasonable inferences in plaintiffs favor, it was error to conclude that plaintiff failed to state a claim for fraudulent misrepresentation or fraud by omission that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).
In my view, the misrepresentation claim ought not have floundered on the requirement that plaintiff have alleged a statement of past or present fact that is not merely a generalized subjective opinion or a prediction of future events. Flegles, Inc. v. TruServ Corp., 289 S.W.3d 544, 549 (Ky.2009). I agree that the district court did not err in finding that representations regarding the terms of the TAE warranty, including its duration, were true and therefore not actionable. However, drawing all reasonable inferences in plaintiffs favor, I would find that plaintiff also alleged with particularity that defendant falsely represented the security of the TAE warranty while knowing whether by virtue of its close relationship with TAE or having been contacted as part of the investigations by German authorities that TAE had serious impending financial problems that put the viability of the warranty in jeopardy.
The materiality of TAE’s warranty program was allegedly discussed in the negotiations because the new and untested diesel engines would require scheduled replacement of parts and early retirement of the engine that would make the DA42 prohibitively expensive to operate in the absence of TAE’s warranty. At the sales meeting and demonstration in November 2007, Owen “went over many of the details regarding TAE, the engine, and its warranty ... while continuing to tout the security provided by the warranty.” Owen offered to sell a DA42 that suddenly became available in early 2008, which plaintiff purchased “[ajfter continued, insistent and sometimes angry pressure from Diamond and Mr. Owen.” Two weeks later, TAE entered insolvency proceedings and the warranty was voided. The representations as to reliability and security may be construed as representations as to the strength of TAE and the security of the warranty at the time the statements were made. That this is a reasonable inference is also supported by the November 2007 email from defendant’s president in which he appears to anticipate the imminent demise of TAE and the inability of TAE to honor its warranties. Whether the evidence would *571 bear out the claim should have been a question left for another day.
Dismissal of the fraud-by-omission claim, on the other hand, rested entirely on the district court’s determination that a duty to disclose based on either “superior knowledge” or “partial disclosure” would arise only between parties to the contract about which the fraud is claimed. I agree that privity is required for the superior-knowledge duty as it arises when “ ‘one party to a contract has superior knowledge and is relied upon to disclose the same.’ ” Giddings & Lewis, Inc. v. Indus. Risk Insurers, 348 S.W.3d 729, 748 (Ky.2011) (citation omitted). I also agree with the majority’s conclusion that the district court erred by requiring privity for a partial-disclosure duty to arise “ ‘when a defendant has partially disclosed material facts to the plaintiff but created the impression of full disclosure.’ ” Id. at 747 (citation omitted). Rather than finding alternative grounds to affirm the dismissal, however, I would reverse on that basis and remand for further proceedings.